J. D. CAMERON, plaintiff in error *vs.* WARREN AKIN, defendant in error.

Upon the trial of a suit at common law upon a note made before June, 1865, the defendant moved to dismiss it on the ground that the plaintiff had not complied with the Act of October 13, 1870, which was over-ruled by the Court:

*Held,* That this was error, and, under the facts in this case, Akin being a tranferee of the note, was not called upon to go further than show there was a compliance with the requirements of the Act of 1870, by having paid the legal tax due thereon while he held the note, or have otherwise shown no tax was due, etc. WARNER, Judge, dissenting.

Relief Act of 1870. Taxes. Before Judge HOPKINS, Fulton Superior Court. October Term, 1870.

For the facts see the opinion.

L. J. GLENN & SON, for plaintiff in error.

HILL & CANDLER, for defendant.

LOCHRANE, Chief Justice.

This was a suit brought by Warren Akin against J. D. Cameron, upon a promissory note dated February 27, 1856, which had been transferred by the payees, Black and Cobb, to him. At the trial the defendant moved to dismiss the suit upon the ground that the plaintiff had not filed the affidavit under the second section of the Act of October 13, 1870, which the Court overruled, and the case was submitted to the jury. The defendant offered to prove that he had lost by the results of the war some $15,000 worth of property, under the sections of the Act aforesaid, which was objected to by the plaintiff on the ground that it was illegal and irrelevant, and that the Act of October, 1870, was void, which objection the Court sustained, and the jury found for the plaintiff. The rulings of the Court are assigned as error.

We think the Court erred in overruling the motion to dis-

Cameron *vs.* Akiu.

miss the case upon the first ground taken. This Court has held the Act of October 13, 1870, to be constitutional, so far as relates to the requirement of taxes due, to be paid, in cases when the debt was held in this State and taxes were due thereon.

The reasons for that decision have been given and we need not repeat them. The only question in this case which may be noticed, is the fact that the plaintiff who brings the action is the transferee of the note sued, and it is argued that he cannot comply with the requirement of the second section of the Act. We see no difficulty under the facts, in his proper legal compliance. The law, in its spirit, only requires from the plaintiff the payment of the legal taxes due by him upon the note, and he can file his affidavit, as to his having paid the legal taxes due thereon since, he has held it; such being the extent of the requirement of the law. And it was the duty of the Court to have received the affidavit of the plaintiff to that effect.

In relation to the second ground of error, we do not now deem it necessary to pass upon it, as the decision of this Court will be rendered in a case heretofore argued upon the constitutionality of the recoupment provisions of the Act of 1870.

We reverse the judgment in this case upon the ground that the Court erred in not enforcing the provisions of the second section of the Act of October 13th, 1870, and dismissing plaintiff's action if he failed to comply with its requirements.

WARNER, Judge, dissented, but furnished no opinion.